UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS AND LISA COREY,

     Plaintiffs,

vs.

| | |
|---|---|
| Case No. | 2:19-cv-10035–MAG-RSW |
| Hon. | MARK A. GOLDSMITH |
| Mag. | R. STEVEN WHALEN |

JAGUAR LAND ROVER NORTH AMERICA, LLC,

     Defendant.

_____/

| | |
|---|---|
| THE ALEXANDER LAW FIRM | POLCE & ASSOCIATES, P.C. |
| ADAM S. ALEXANDER (P53584) | ANTHONY P. POLCE (P54954) |
| ANDREW R. MIKOS (P76268) | NICOLE M. SCHNUR (P69970) |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 17200 W. Ten Mile Rd., Ste. 200 | 249 South Main Street |
| Southfield, MI 48075 | Plymouth, MI 48170 |
| (248) 246-6353 | (734) 454-4700 |

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES, the Defendant, JAGUAR LAND ROVER NORTH AMERICA, LLC,

incorrectly identified in the Complaint as "Tata Group d/b/a Tata Motor Cars d/b/a Jaguar Land

Rover North America, LLC" (hereinafter "JLRNA"), by and through its attorneys, POLCE &

ASSOCIATES, P.C., and states the following as its Answer and Affirmative Defenses to

Plaintiffs' First Amended Complaint:

    1.    JLRNA is without sufficient information or knowledge to form a belief as to the

truth of the allegations stated in this paragraph, and as such, denies said allegations.

    2.    JLRNA denies that its legal name is Tata Group d/b/a Tata Motor Cars d/b/a

Jaguar Land Rover North America, LLC. JLRNA further denies that it is a corporation, but states

it is a foreign limited liability company. JLRNA denies that it manufactures vehicles. JLRNA

states that it is only the warrantor and distributor of Jaguar and Land Rover Vehicles. JLRNA

does not maintain registered offices in the State of Michigan.

3.      JLRNA denies that Plaintiffs purchased the subject 2017 Evoque. By way of

further answer, JLRNA states that Plaintiff Louis Corey entered in to a Motor Vehicle Lease

Agreement for the subject vehicle. JLRNA states that Exhibit A speaks for itself.

4.      JLRNA is without sufficient information or knowledge to form a belief as to the

truth of the allegations stated in this paragraph, and as such, denies said allegations.

5.      JLRNA is without sufficient information or knowledge to form a belief as to the

truth of the allegations stated in this paragraph, and as such, denies said allegations. By way of

further answer, any warranty speaks for itself.

6.      JLRNA denies as untrue the allegations that the vehicle is defective and that the

vehicle is still in service. JLRNA denies the remaining allegations contained in the paragraph in

the form and fashion pled. By way of further answer, JLRNA states Exhibit B speaks for itself.

7.      JLRNA is without sufficient information or knowledge to form a belief as to the

truth of the allegations stated in this paragraph, and as such, denies said allegations.

8.      JLRNA is without sufficient information or knowledge to form a belief as to the

truth of the allegations stated in this paragraph, and as such, denies said allegations.

9.      JLRNA denies as untrue the allegations contained in paragraph 9 of Plaintiffs'

First Amended Complaint.

9[sic].  JLRNA denies as untrue the allegations contained in paragraph 9[sic] of

Plaintiffs' First Amended Complaint.

10.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

**COUNT I**
**BREACH OF EXPRESS WARRANTY**

Defendant incorporates by reference, its answers in Paragraphs 1 through 10 as though specifically set forth herein.

11.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

12.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

13.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

14.     JLRNA denies that the subject vehicle was purchased and further denies that the subject vehicle is defective. As to the remaining allegations, JLRNA is without sufficient information or knowledge to form a belief as to the truth of the allegations stated in this paragraph and, as such, denies said allegations.

15.     JLRNA denies as untrue the allegations contained in paragraph 15 of Plaintiffs' Complaint, in the form and fashion pled. By way of further answer, any warranty speaks for itself.

16.     JLRNA is without sufficient information or knowledge to form a belief as to the truth of the allegations stated in this paragraph, and as such, denies said allegations.

17.     JLRNA is without sufficient information or knowledge to form a belief as to the truth of the allegations stated in this paragraph, and as such, denies said allegations.

18.     JLRNA denies as untrue the allegations that the vehicle has any defects.  As to the remaining allegations, JLRNA is without sufficient information or knowledge to form a belief as to the truth of the allegations stated in this paragraph and, as such, denies said allegations.

19.     JLRNA denies as untrue the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint.

20.     JLRNA is without sufficient information or knowledge to form a belief as to the truth of the allegations stated in this paragraph, and as such, denies said allegations.

21.     JLRNA neither admits nor denies the statements made in this paragraph, as they are not allegations that require a response.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Defendant incorporates by reference, its answers in Paragraphs 1 through 21 as though specifically set forth herein.

22. The allegations contained in this paragraph are conclusions of law and, as such, require no response. To the extent this paragraph contains factual allegations, the allegations are denied.

23. The allegations contained in this paragraph are conclusions of law and, as such, require no response. To the extent this paragraph contains factual allegations, the allegations are denied.

24. JLRNA denies as untrue the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint.

25. JLRNA denies as untrue the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint.

26. JLRNA denies as untrue the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

## COUNT III
## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

Defendant incorporates by reference, its answers in Paragraphs 1 through 26 as though specifically set forth herein.

27. The allegations contained in this paragraph are conclusions of law and, as such, require no response. To the extent this paragraph contains factual allegations, the allegations are denied.

28.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

29.     JLRNA denies as untrue the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint and every subparagraph therein, that it engaged in any lawful, unfair, unconscionable or deceptive act, method or practice.

30.     JLRNA denies as untrue the allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

**COUNT IV**
**VIOLATION OF MICHIGAN'S NEW MOTOR VEHICLE WARRANTIES ACT**
**(MCL 257.1401, et seq)**

Defendant incorporates by reference, its answers in Paragraphs 1 through 30 as though specifically set forth herein.

31.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

32.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

33.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

34.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

35.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

36.     JLRNA denies as untrue the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint.

37.     JLRNA denies as untrue the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint.

38.     JLRNA denies as untrue the allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

**COUNT V**
**LIABILITY UNDER MAGNUSON-MOSS WARRANTY ACT**
**(15 USC §2301 ET SEQ)**

Defendant incorporates by reference, its answers in Paragraphs 1 through 38 as though specifically set forth herein.

39.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

40.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

41.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

42.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

43.     The allegations contained in this paragraph are conclusions of law and, as such, require no response.  To the extent this paragraph contains factual allegations, the allegations are denied.

44.     JLRNA denies as untrue the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint.

45.     JLRNA denies as untrue the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint.

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defenses, Defendant states that it will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery.

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages, if any.

3.      Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, release and/or laches.

4.      The proximate cause of Plaintiffs' injuries, if any, was the conduct of Plaintiffs and/or a third party, and not Defendant.

5.      The Lease Agreement provides a disclaimer for implied warranties of merchantability and fitness for a particular purpose covering the property as authorized by MCL 440.2316.

6.      If oral representations were made, which is denied, they were made in contravention of express existing policies by individuals without authority to make those representations.

7.      Plaintiffs' claims are barred by the language of the Lease.

8.      Defendant has satisfied any express warranty obligations to the extent that they exist.

9.      Defendant has satisfied any implied warranty obligations to the extent that they exist.

10.     That Plaintiffs have modified, abused, misused or failed to properly maintain the Vehicle.

11.     Plaintiffs' claims are barred by the doctrine of unclean hands.

12.     Plaintiffs' claims are barred due to spoliation of evidence.

13.     Defendant asserts that Plaintiffs have never provided notice of revocation as required by MCLA §440.2608 et seq.

14.     Defendant asserts that Plaintiffs' alleged attempt to revoke acceptance did not occur within a reasonable time, that Plaintiffs have not satisfied the conditions set forth in MCL §440.2608, and thus revocation of acceptance is not available to Plaintiffs.

15.     Plaintiffs have continued to use the vehicle and for that reason revocation is a remedy that is not available to Plaintiffs.

16.     Plaintiffs are not entitled to revoke acceptance against Defendant JLRNA.

17.     Defendants rely upon any and all releases or agreements to arbitrate which have been signed by the Plaintiffs, barring actions for damages arising out of any dispute or controversy relating to the application for credit, the Lease, or any resulting transaction or relationship including that with a motor vehicle dealer or third party arising out of the agreement.

18.     Defendant relies upon any and all defenses available to it contained in the Uniform Commercial Code as adopted by the State of Michigan.

19.     Plaintiffs' claims are barred because Plaintiffs have failed to comply with the alternative dispute resolution process required by JLRNA under the Michigan Lemon Law, MCL §257.1401et seq. and the Magnuson-Moss Warranty Act, 15 USC §2301, et seq.

20.     Any wrongdoing (which is explicitly denied) was the result of bona fide error.

21.     Plaintiffs failed to allow Defendant JLRNA a final repair attempt as required under MCL §257.1403(5)(a).

22.     The subject vehicle has been repaired.

Defendant reserves the right to amend its answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims and/or cross-claims as may become necessary after reasonable opportunity for appropriate discovery.

10

WHEREFORE, JLRNA respectfully requests that the First Amended Complaint be dismissed with prejudice, and all costs, so wrongfully incurred, be awarded to this Defendant.

Respectfully submitted,

Date:   January 9, 2019                         s/Anthony P. Polce
                                                POLCE & ASSOCIATES, PC
                                                Attorneys for JLRNA
                                                249 South Main Street
                                                Plymouth, MI  48170
                                                Phone: (734) 454-4700
                                                E-mail: apolce@polcelaw.com
                                                Bar Number: P54954

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such to the following: *all ECF participants*

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: *none*

Date: January 9, 2019                           s/Nicole M. Schnur
                                                POLCE & ASSOCIATES, PC
                                                249 South Main Street
                                                Plymouth, MI  48170
                                                Phone: (734) 454-4700
                                                E-mail: nschnur@polcelaw.com
                                                Bar Number: P69970